UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CLAUDETTE TULL                                          CIVIL ACTION

v.                                                      NO. 19-9297

PINNACLE ENTERTAINMENT, INC.,
d/b/a BOOMTOWN BELLE CASINO
WEST BANK                                               SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand, along with a request for reasonable costs and attorney's fees incurred a result of the removal. For the reasons that follow, the motion to remand is GRANTED, and the request for costs and fees is DENIED.

**Background**

This litigation arises out of a slip-and-fall accident in a casino.

On April 13, 2018, Claudette Tull visited Boomtown Casino in Harvey, Louisiana where she slipped on "water or some other slippery substance." The following year, Tull sued Pinnacle Entertainment, Inc., doing business as "Boomtown Belle Casino Westbank," in state court, alleging that the defendant's negligence caused her to sustain injuries. Although she alleges no particular facts concerning the manifestation or nature of her injuries, Tull seeks "reasonable compensation" for various

1

damages, including past, present, and future pain and suffering, mental anguish, medical expenses, and loss of enjoyment of life.

On April 11, 2019, Pinnacle Entertainment removed the lawsuit to this Court, invoking the Court's diversity jurisdiction. The plaintiff now moves to remand.

I.

*A.*

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). Given the significant federalism concerns implicated by removal, the removal statute is strictly construed, "and any doubt about the propriety of removal must be resolved in favor of remand." Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008) (citation omitted); Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted).

*B.*

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case -- that is, if the plaintiff could have brought the action in federal court from the outset. See 28 U.S.C. § 1441(a). To exercise diversity jurisdiction, complete diversity must exist

2

between the plaintiff and all of the properly joined defendants, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a)(1). The only dispute here is whether the amount-in-controversy requirement is met.

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal. See Manguno, 276 F.3d at 723 (citing Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995)). Louisiana law requires that a plaintiff include "no specific amount of damages" in her prayer for relief. La. Code Civ. Proc. art. 893.

When the plaintiff has, therefore, alleged an indeterminate amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). This showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000, or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount. Manguno, 276 F.3d at 723; Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999).

"[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-

removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." <u>Gebbia v. Wal-Mart Stores, Inc.</u>, 233 F.3d 880, 883 (5th Cir. 2000). However, if the petition is ambiguous as to whether the alleged damages surpass the jurisdictional amount in controversy, the Court may consider a post-removal affidavit that clarifies the original complaint. <u>Asociación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia (ANPAC) v. Dow Química de Colombia</u>, 988 F.2d 559, 565 (5th Cir. 1993), <u>abrogated on other grounds by</u> <u>Marathon Oil Co. v. Ruhgras</u>, 145 F.3d 211, 214 (5th Cir. 1998), <u>rev'd on other grounds</u>, 526 U.S. 574 (1999).

Finally, if the removing party satisfies its burden, the plaintiff can only defeat removal by showing that it is "legally certain that his recovery will not exceed the amount stated in the state complaint." <u>De Aguilar</u>, 47 F.3d at 1412; <u>see</u> <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). Thus, absent a statute that restricts recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, <u>St. Paul</u> makes later filings irrelevant." <u>De Aguilar</u>, 47 F.3d at 1412 (quoting <u>In re Shell Oil Co.</u>, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)).

II.

In support of her contention that the amount-in-controversy requirement is not satisfied, the plaintiff submits a stipulation as to damages, in which she "stipulates that the amount in controversy does not exceed $74,999.00" and agrees that she will not accept "any sum in excess of $75,000.00, exclusive of interest and costs." The stipulation was filed along with the motion to remand on May 9, 2019. The defendant counters that, at the time of removal, it was facially apparent from the plaintiff's petition that her claims, if proven at trial, would exceed $75,000 in value. Considering the quantity and quality of damages alleged in her state court petition, the defendant submits that the plaintiff's post-removal stipulation regarding the amount-in-controversy does not divest this Court of its properly established jurisdiction. The Court disagrees.

The Court finds that it is *not* facially apparent from the plaintiff's state court petition that she was seeking monetary damages in excess of $75,000 at the time the case was removed. Here, Tull alleges that she sustained "injuries" and seeks to recover for past, present, and future categories of damages, including pain and suffering, mental anguish, medical expenses, and loss of enjoyment of life. However, she does not seek to recover for lost wages, loss of earning capacity, or permanent disability and disfigurement, and her petition does not allege

5

that she suffered serious, permanent, or otherwise debilitating injuries. To the contrary, her petition alleges no specific injuries whatsoever. Such generic damage allegations do not make it facially apparent that her claims exceed $75,000.[1]

Moreover, the defendant has presented no "summary judgment type evidence" concerning the value of plaintiff's damages. See Manguno, 276 F.3d at 723. Thus, even without considering the plaintiff's post-removal stipulation, the defendant has failed to

---

[1] See Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850-52 (5th Cir. 1999) (not "facially apparent" that damages would exceed $75,000 because "complaint alleged, with little specificity, damages from less severe physical injuries . . . and did not allege any damages for loss of property, emergency transportation, hospital stays, specific types of medical treatment, emotional distress, functional impairments, or disability"); Johnson v. Petsmart, Inc., No. 16-3448, 2017 WL 360265 (E.D. La. Jan. 25, 2017) (jurisdictional amount in controversy not facially apparent where plaintiff's petition alleged "injuries to his 'neck, back, head, and other parts of his body'" and claimed "damages for pain and suffering, mental anguish, and loss of enjoyment of life, and medical expenses").
    Cf. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000) (finding it "facially apparent that Plaintiff's claimed damages exceeded $75,000" where she alleged "injuries to her right wrist, left knee and patella, and upper and lower back" and claimed "damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement"); Lowery v. J.C. Penney Corp., Inc., No. 06-1710, 2006 WL 3827527, at *2-3 (W.D. La. Dec. 28, 2006) (finding "facially apparent" test met where plaintiff alleged "serious injuries to her back, neck, head, shoulders, arms, and other areas of her body," for which she claimed past and future pain and suffering, mental anguish, medical expenses, loss of enjoyment of life, and permanent disability and impairment).

satisfy its burden of proving by a preponderance that the amount in controversy exceeds $75,000.[2]

## III.

The plaintiff also requests reasonable costs and attorney's fees incurred as a result of the removal, pursuant to 28 U.S.C. § 1447(c).

An award of costs and fees on remand is discretionary. Indeed, § 1447(c) provides that a remand order "*may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). Stated as a rule, costs and fees are appropriate only where the defendant lacked an objectively reasonable basis for removal. See Thomas v. S. Farm Bureau Life Ins. Co., 751 F. App'x 538, 540 (5th Cir. 2018) ("The company had an objectively reasonable basis for seeking removal, so the district court did not abuse its discretion by denying fees and costs.").

In this case, the Court finds an award of costs and fees inappropriate. In its Notice of Removal, the defendant reasonably argues that, in light of the quantity and quality of damages alleged in the plaintiff's state court petition, it is facially apparent that her damages are likely to exceed $75,000. Although

---

[2] Quite obviously, if, as plaintiff infers, her case is worth less than $75,000, she will take some amount less in a possible settlement.

the Court disagrees, the Court is not persuaded that the defendant lacked an objectively reasonable basis for removal.

Accordingly, IT IS ORDERED: that the plaintiff's motion to remand is GRANTED and that her request for costs and fees is DENIED. Because this Court lacks subject matter jurisdiction, the case is hereby remanded to the 24th Judicial District Court for the Parish of Jefferson.

New Orleans, Louisiana, June 19, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE